IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MARY L. DONNELLAN,<br><br>    Plaintiff,<br><br>v.<br><br>JASON DANIEL MCCLURE<br><br>**SERVE:**   2432 Calico Court<br>                Clarkesville, TN 37042-8102<br><br>    Defendant. | Case No.   3:24cv387 |

## COMPLAINT

NOW COMES the plaintiff Mary L. Donnellan ("Plaintiff" or "Ms. Donnellan"), by and through her undersigned counsel Broderick C. Dunn, Esq., Maria E. Stickrath, Esq., and the law firm of Cook Craig & Francuzenko, PLLC, and for her Complaint against the defendant, Jason Daniel McClure ("Defendant" or "Mr. McClure"), states as follows:

### NATURE OF THE ACTION

1. This is an action for sexual assault and sexual battery.

### PARTIES

2. Plaintiff is an adult resident of Portsmouth, Rhode Island.

3. Upon information and belief, Defendant is an adult resident of Clarkesville, Tennessee.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The parties are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Eastern District of Virginia.

6. Defendant served on active duty with the United States Army until June 26, 2022. Pursuant to the Service Members Civil Relief Act, 50 U.S.C. § 3936, the statutes of limitations applicable to the claims alleged by Plaintiff herein were tolled for the duration of Defendant's military service.

## FACTUAL ALLEGATIONS

7. Plaintiff arrived at Fort Lee, Virginia on February 8, 2020, to meet a friend who lived on the base.

8. After arriving, Plaintiff went to a sports bar within the hotel for dinner.

9. While sitting at the bar, Plaintiff struck up a conversation with other patrons and the bartender. One of those people who were a part of the conversation, Defendant, moved to the seat next to Plaintiff after another patron left.

10. Plaintiff spoke with the Defendant, who told her his name was Jason.

11. Plaintiff and Defendant had several drinks at the bar and continued to talk to each other and the larger group. Defendant also purchased drinks for Plaintiff.

12. Plaintiff told Defendant that she was only 18 years old and showed him her identification. Defendant told her he was 34.

13. Plaintiff specifically told Defendant that she was not interested in engaging in any romantic interactions during her stay and especially not with anyone she had met at the bar, as he and the other patrons all appeared to be much older than she was.

14. Defendant asked Plaintiff to go to a club with him and a group of his friends and Plaintiff agreed.

15. Once at the club, Defendant purchased Plaintiff a drink and began to dance with her.

16. Plaintiff, Defendant, and Defendant's friends later left for another club and Defendant attempted to purchase Plaintiff more drinks. Plaintiff politely declined as she had begun to feel intoxicated.

17. While at the second club, Defendant whispered to Plaintiff "if you can stay up, I'll make it worth it for you later tonight."

18. Defendant attempted to kiss Plaintiff and pushed away other men who attempted to approach her. This made Plaintiff feel intimidated and nervous.

19. Plaintiff and Defendant eventually left the club and Defendant's friends drove them to the hotel Plaintiff was staying at.

20. At this point, Plaintiff was intoxicated and needed assistance walking.

21. Defendant offered to walk Plaintiff to her room. Plaintiff had to use her fingers to display what her room number was because she was slurring her words.

22. Once at her hotel room, Plaintiff turned to say goodnight; however, Defendant walked past her into the room without permission.

23. Defendant forcibly kissed Plaintiff and she was uncomfortable. Plaintiff tried to push Defendant away; however, she was so dizzy she fell onto the bed while trying to push him and fell unconscious for some period of time.

24. When Plaintiff awoke, she found Defendant unbuttoning her pants. Plaintiff asked what he was doing. Defendant ignored her and began removing her clothing.

25. Defendant then, without consent, digitally penetrated Plaintiff with her clothing partially removed.

26. When Plaintiff stated that she was uncomfortable, Defendant repositioned her on the bed, further removed her clothing, and continued to digitally penetrate her.

27. Plaintiff asked Defendant to stop several times. Plaintiff was eventually able to push Defendant away from her and asked him to leave.

28. Plaintiff persuaded Defendant to leave her hotel room by stating they could "do this tomorrow."

29. Defendant watched Plaintiff get dressed and unsuccessfully attempted to reinitiate sexual contact; however, Defendant finally left Plaintiff's hotel room.

30. Defendant attempted to contact Plaintiff the next day about seeing each other again. Plaintiff refused to see him and did not leave her hotel room unless necessary for the remainder of her stay.

31. Plaintiff reported the incident to law enforcement.

32. As a part of the investigation, Plaintiff texted Defendant and asked if he remembered her. In response, Defendant said he did and asked if he had left a "positive impression" of himself on Plaintiff.

33. Plaintiff told Defendant that she was incredibly uncomfortable with the encounter that she had had with him and told him that his digital penetration of her was not consensual.

34. Defendant responded that he "came to the quick realization that [she] didn't want to do anything" and apologized if he was "pushy." Defendant further stated that he "misread the situation and should have realized sooner [they] weren't on the same page."

35. Defendant did not deny that the digital penetration was not consensual.

36. As a result of the investigation, Defendant was administratively separated from the military for misconduct.

37. As a result of Defendant's actions, Plaintiff has suffered worry, anxiety, emotional trauma, embarrassment, and other harm.

## COUNT I
### (Sexual Assault)

38. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. Defendant performed acts intended to cause offensive contact against the Plaintiff on February 8, 2020.

40. Such actions created a reasonable apprehension of imminent batteries in Plaintiff's mind.

41. As a result of Defendant's conduct, Plaintiff has been damaged.

## COUNT II
### (Battery)

42. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 37 of the Complaint as if fully set forth herein.

43. On February 8, 2020, Defendant subjected Plaintiff to unwanted, nonconsensual, and unjustified touching of Plaintiff's intimate areas.

44. This touching was highly offensive.

45. This touching was lascivious, predatory, rude, and harmed Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE the plaintiff, Mary L. Donnellan, demands judgment against the defendant, Jason Daniel McClure as follows:

(a) For Count I Sexual Assault, in the amount of $1,000,000.00;

(b) For Count II Sexual Battery, in the amount of $1,000,000.00;

(c) Pre-judgment interest, post-judgment interest and all other further relief that this Court deems just and proper.

## Jury Demand

Plaintiff hereby requests a trial by jury on all issues so triable.

MARY L. DONNELLAN

By counsel:   /s/ Broderick C. Dunn

Broderick C. Dunn, VSB No. 74847
Maria E. Stickrath, VSB No. 96191
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
(703) 865-7480 Phone
(703) 434-3510 Fax
bdunn@cookcraig.com
mstickrath@cookcraig.com
*Counsel for Plaintiff Mary L. Donnellan*